## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNA BRAYNINA, individually and on behalf of all others similarly situated | **Class Action Complaint** |
| PLAINTIFF(S) | Civil Action No. |
| v. | Jury Trial Demanded |
| PROFESSIONAL CLAIMS BUREAU, INC.; and DOES 1 through 10, inclusive, | |
| DEFENDANT(S) | |

Plaintiff ANNA BRAYNINA ("Plaintiff") on behalf of herself individually, and on behalf of all others similarly situated, alleges as follows:

## I.       INTRODUCTION

1.       This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 et seq.

2.       In effectuating the FDCPA, Congress sought to limit the tactics a debt collector could use.  Despite these plain truths, Defendant (defined herein) used inappropriate tactics to collect Plaintiff's debt.

3.       Upon information and belief, Defendant used these very same tactics across the country against hundreds, if not thousands, of individuals who, fall within the ambit of the protections of the FDCPA.

4.       Absent this action, Defendant's inappropriate tactics would continue unabated.

## II.       THE PARTIES

5.       Plaintiff is an adult individual citizen of the State of New York.  Plaintiff resides in

Brooklyn, New York.

      6.      Plaintiff is a "consumer," as that term is defined and/or contemplated within the scope of FDCPA.

      7.      Defendant PROFESSIONAL CLAIMS BUREAU, INC. (hereinafter "Defendant") is a business entity that regularly conducts business in the Eastern District of New York and is engaged in the business of debt collection within the Eastern District of New York.

      8.      Indeed, on its own website, http://www.pcbinc.org/, Defendant provides the following description of itself:

See http://www.pcbinc.org/, last visited on October 29, 2014 (emphasis supplied).

      9.      Upon information and belief, Defendant is organized under the laws of the State of New York and maintains its principal place of business address at 439 Oak Street Garden City, New York 11530.

      10.     Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff.  Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the

conduct alleged herein was in the course and scope of and in furtherance of such relationship.

11.     Unless otherwise specified, Plaintiff will refer to all defendants collectively as "Defendant" and each allegation pertains to each Defendant.

12.     Defendant is a "debt collector," as that term is defined and/or contemplated within the scope of FDCPA, and operates its debt collection enterprise from the same address.

13.     Defendant uses instrumentalities of interstate commerce and mail in a business, whose principal purpose is collection of debts and/or regularly collects (or attempts to collect), directly or indirectly, debts owed or due or asserted to be owed or due another.

14.     At all times material hereto, Defendant acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment for and/or on behalf of Defendant.

### III.     JURISDICTION AND VENUE

15.     This Honorable Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

16.     The Eastern District of New York is the proper venue for this litigation, because:

    a.     Plaintiff is a resident of the Eastern District of New York and Defendant's wrongful conduct was directed to and was undertaken within the territory of the Eastern District of New York; and

    b.     Defendant conducts a substantial portion of its business in the Eastern District of New York.

### IV.     STATEMENT OF CLAIMS

### A.     BACKGROUND

17.     In October of 2014, Defendant sent Plaintiff a letter, dated October 18, 2014, regarding Plaintiff's alleged debt of $446.00, incurred during the course of Plaintiff's personal medical treatment.  A true and correct copy of the letter is marked and attached hereto as Exhibit "A."

18.     The letter is a pre-printed form, designated by the sequence "0002202356" that appears directly above Plaintiff's name in the bottom third of the document.  Exhibit "A."

19.     The letter was sent in a "glassine window" envelope and the sequence "0002202356" was clearly visible through this window.  Exhibit "A."

20.     The letter discloses that "0002202356" is the account number Defendant assigned to Plaintiff, which is used to identify Plaintiff in connection with Defendant's collection efforts. Exhibit "A."

21.     Indeed, Defendant identified the sequence "0002202356" as "PCB #" at the top of the letter.  See Exhibit "A."

22.     The sequence "0002202356" constitutes personal identifying information.

23.     Defendant disclosed Plaintiff's personal identifying information – the sequence "0002202356" – on the face of the envelope Defendant used for letters sent to Plaintiff.

24.     Section 1692(f)(8) of the FDCPA specifically prohibits "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer."

25.     The disclosure of Plaintiff's "PCB #" on the face of the envelope violated Section 1692(f)(8).  See Douglass, et al. v. Convergent Outsourcing, ___ F.3d ___, 2014 WL 4235570 (3rd Cir., August 28, 2014).

26.     As described herein, Defendant's actions violated the applicable provisions of the

FDCPA.

27.     Defendant's conduct, as alleged herein, is (and was) deliberate, intentional, reckless, willful, and wanton.

28.     Defendant's conduct, as alleged herein, is unfair, misleading, deceptive, and unconscionable.

29.     Plaintiff and the Class she seeks to represent have been (and will continue to be) harmed due to Defendant's conduct, as set forth herein.

30.     Plaintiff and the Class she seeks to represent have suffered and will continue to suffer damages due to Defendants' conduct, as set forth herein.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff brings this action on behalf of herself and a class of similarly-situated individuals pursuant to Fed.R.Civ.P. 23, defined as follows:  all natural persons in the United States who were sent a letter from Defendant with a "PCB #" visible on the face of the envelope, during the statutory period covered by this Complaint.

32.     The number of individuals in the Class is so numerous that joinder of all members is impracticable.  The exact number of members of in the Class can be determined by reviewing Defendant's records.  Plaintiff is informed and believes and thereon alleges that there are over a hundred individuals in the defined Class.

33.     Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel that is experienced and competent in class action and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Class.

34.     A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the

Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

35.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Further, absent these actions, members of the Class likely will not obtain redress of their injuries, and Defendant will retain the proceeds of their violations of the FDCPA.  In addition, Defendant is likely to continue to violate this statute.

36.     Furthermore, even if any member of the Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

37.     There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole.  The questions of law and fact common to the Class predominate over any questions affecting solely individual members of the action.  Among the common questions of law and fact are:

    a.     Whether Defendant disclosed debtor's "PCB #" on the face of the mailing envelope;

    b.     Whether Defendant violated 15 U.S.C. § 1692f; and

    c.     Whether Plaintiff and the members of the Class have sustained damages and, if so, the proper measure of damages.

38.     Plaintiff's claims are typical of the claims of members of the Class.  Plaintiff and members of the Class have sustained damages arising out the same wrongful and uniform practices of Defendant.

39.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## COUNT I
## FDCPA

40.   Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

41.   Defendant is a "debt collector" as that term is defined under the FDCPA.

42.   An attempt to collect upon a debt incurred during the course of personal medical treatment falls within the scope of the FDCPA.  See Piples v. Credit Bureau, Inc., 886 F.2d 22 (2nd Cir. 1989).

43.   As described herein, the actions of the Defendant violates the applicable provisions of the FDCPA.

44.   Defendant's violations with respect to its collection efforts, include but are not limited to, using language or symbols, other than the debt collector's address, on envelopes when communicating with a consumer, in violation of 15 U.S.C. § 1692f(8).

45.   As a result of Defendant's violations of the FDCPA, Plaintiff and the members of the Class have suffered damages in an amount to be determined at trial.

## V.    CLAIM FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

(a)   A declaration that Defendant has violated the applicable provisions of the FDCPA;

(b)   An Order designating this action as a class action pursuant to Fed.R.Civ.P. 23;

(c)   An Order appointing Plaintiff and her counsel to represent the Class(es);

(d)     An Order enjoining Defendant from any further violations of the FDCPA;

(e)     Actual damages;

(f)     Statutory damages;

(g)     Attorneys' fees and costs; and

(h)     Such other relief as the Honorable Court shall deem just and appropriate.

## VI.     <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury as to all issues so triable.

**(SIGNATURES ON THE NEXT PAGE)**

Date: <u>October 29, 2014</u>

Respectfully submitted,

**THE MARLBOROUGH LAW FIRM, PC**

Christopher Marlborough (CM6107)
445 Broad Hollow Road, Suite 400
Melville, New York 11747
Telephone:  (212) 991-8960
Facsimile:  (212) 991-8952
Email: chris@marlboroughlawfirm.com

**KALIKHMAN & RAYZ, LLC**
Arkady "Eric" Rayz
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone:  (215) 364-5030
Facsimile:  (215) 364-5029
E-mail: erayz@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 308
King of Prussia, PA 19406
Telephone:  (610) 822-3700
Facsimile:  (610) 822-3800
Email: gwells@cwg-law.com
Email: rgray@cwg-law.com

Counsel for Plaintiff and the Proposed Class